■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERITO BOSCANA, Appellant.—Judgment of Supreme Court, Bronx County (Vincent Vitale, J., at suppression hearing and trial), rendered June 20, 1986, which convicted defendant of attempted robbery in the second degree and sentenced him, as a predicate felon, to an indeterminate term of imprisonment from 2½ to 5 years, is unanimously affirmed.

The suppression court properly denied the request of defendant and his codefendants Hector Velez and Tommy Rodriquez to suppress the showup identifications by the complaining witnesses, David Betancourt and Conrad Harrison, arising from the separate crimes allegedly perpetrated by the defendant and his accomplices. In any event, as to the witness David Betancourt, since he could not be located, seven out of nine counts of the indictment related to the alleged robbery of Betancourt were not charged to the jury, and it is unnecessary to address Betancourt's identification of defendant.

Harrison's showup identification of the defendant took place

within minutes after the commission of the crime and in close proximity to the scene. "Showup identifications * * * are permissible if exigent circumstances require immediate identification * * * or if the suspects are captured at or near the crime scene and can be viewed by the witness immediately". *(People v Riley,* 70 NY2d 523, 529.)

We find that defendant was not deprived of effective assistance of counsel under the Federal or State Constitutions. *(People v Baldi,* 54 NY2d 137; *see also, Stickland v Washington,* 466 US 668.) Concur—Murphy, P. J., Ross, Carro and Rosenberger, JJ.